SO ORDERED: February 22, 2011.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAREN LYNN SHANKS | ) | CASE NO. 10-1920-AJM-13 |
| | ) | |
| Debtor | ) | |

**ORDER SUSTAINING DEBTOR'S OBJECTION AND
DISALLOWING CLAIM 17 FILED BY THOMAS DINARDO**

*Background*

The Debtor filed her chapter 13 case on February 22, 2010.  On Schedule A (Real Property) the Debtor indicated that she owned real property located at 11044 Harbor Bay, Fortville, Indiana (the "Property") as a joint tenant.  The Property was valued in the schedules at $872,677.89.  Thomas Dinardo ("Dinardo") was scheduled in Schedule F as the holder of an unsecured nonpriority claim in the amount of "0.00" for "any claim for contribution, damage to vehicle or for loss of ring".  The debt owed was designated "disputed".  Dinardo was also scheduled on Schedule H as a codebtor with

respect to debts owed to Union Savings Bank, the Hamilton County Treasurer and the Canal Place Property Owners Association.  By notice dated February 24, 2010, all creditors, including Dinardo, were informed that the Debtor had filed a chapter 13 case and that June 23, 2010 was the deadline for all creditors other than governmental units to file a proof of claim (the "Claims Bar Date").

     Dinardo  moved for relief from the automatic stay with respect to and abandonment of the Property prior to the Claims Bar Date.  The motion recited that Dinardo and the Debtor were to have shared in the payment of the Property debt and that Dinardo sought relief from stay in order to pursue an in rem remedy of transfer of the Debtor's ownership interest in the Property through a state court proceeding.   No objections were filed to Dinardo's motion by the objection deadline and therefore an order granting Dinardo relief from stay and abandoning the Property from the estate was entered on April 9, 2010.  The Debtor's chapter 13 plan was confirmed on August 20, 2010.

     Dinardo filed three separate proofs of claims, all general unsecured claims, after the Claims Bar Date.  Claim #17 was in the amount of $52,099.70 and the basis of the claim was "contribution for real estate".  Claim #18 was in the amount of $24,000 and the basis of that claim was "engagement ring".  Claim #19 was in the amount of $3500 and the basis of that claim was "damages to vehicle".  The Debtor objected to all three claim because they were filed untimely.  Dinardo responded to the objection to claim #17 and argued that his relief from stay motion filed before the Claims Bar Date should be deemed an "informal claim" to which the untimely but formal claim #17 should relate

2

back. [1]

Hearing on the Debtor's objection and Dinardo's response was held on December 21, 2010 wherein the Court took ruling on the matter under advisement. The following are findings and conclusions to the extent required by Fed. R. Bankr. P. 7052.

### *Discussion*

The Bankruptcy Code and Rules provide specific guidance to creditors on how and when to file a proof of claim. Rule 3001(a) of the Federal Rules of Bankruptcy Procedure provides that a proof of claim is a written statement setting forth a creditor's claim and that it "shall conform substantially to the appropriate Official Form". [2] Rule 3002(a) provides that an unsecured creditor must file a proof of claim for the claim to be allowed, and thus, by implication, for the creditor to share in distribution of estate funds. Rule 3002(c) says that, in a chapter 13 case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors under Section 341(a). Rule 9006(b)(3) says that this 90 day period may be enlarged *but only to the extent and under the conditions stated in Rule 3002(c)*. Rule 3002(c) lists six (6) conditions under which a claim may be filed beyond the 90 day period, none of which are applicable here. [3]  (Compare this to Rule 9006(b)(1) which allows for late filings if

---

[1] Dinardo did not respond to the Debtor's objections to claims #18 and #19 and therefore those objections will be sustained and those claims will be disallowed by separate order.

[2] The "official proof of claim form" is Official Form 10 (B-10).

[3] Generally, the six conditions under which a claim may be filed beyond the 90 day period are claims: (1) of governmental units and for certain tax claims; (2) of an infant or an incompetent person or their representatives; (3) which arise and become allowable as a result of a judgment, in which case the claim may be filed 30 days after the judgment becomes final; (4) arising from the rejection of an executory contract or unexpired lease; (5) that may be filed upon discovering that payment of a dividend is possible, after creditors were first notified that there were insufficient assets from which to pay a dividend; and (6) of creditors who were notified of the claims bar date at a foreign address, if the notice was insufficient under

the failure to act/ file was due to excusable neglect). Section 502(a) provides that a filed claim is deemed allowed unless a party in interest objects to it. Section 502(b)(9) provides that, if such an objection is made, the claim shall be allowed *except* to the extent that it was untimely filed. The collective upshot of these rules is that the 90 day period in which to file a *formal* proof of claim in a chapter 13 case can be enlarged *only* if the claim falls under one of the six exceptions set forth in Rule 3002(c) and that the 90 day period *cannot* be extended upon a showing that the reason for the late filing was due to excusable neglect.

     Prior to the implementation of this statutory scheme, courts exercised their equitable powers to enlarge the time in which a claim could be filed. Some allowed the "late" filing of a "formal " claim as long as the claimant had timely filed an "informal" claim to which the untimely claim could relate. The informal, timely-filed claim did not need to take any particular form, but it did need to evidence the claimant's intent to assert its claim against the debtor. The debtor's knowledge that the claimant held a claim against him was not enough. *In re Wilkens*, 731 F.2d 462, 465 (7th Cir. 1984) (utilizing the 6-month period provided for pursuant to the rules of bankruptcy procedure under the Bankruptcy Act of 1898). Even after the current or a substantially similar version of the rules was enacted, courts continued to invoke this equitable "informal proof of claim" doctrine. Consideration was given to whether the debtor would have been "caught unawares" by allowing the late filed formal claim. See, *In re Unroe*, 937

---

the circumstances to give the creditor a reasonable time to file a proof of claim.

F.2d 346, 351 (7th Cir. 1991). [4] As use of the doctrine progressed, it was tweaked to require that the "document or documents timely filed must fairly reflect the existence of a claim *against the estate*". (emphasis added, citations omitted); *In re Harper*, 138 B.R. 229, 250 (Bankr. N. D. Ind. 1991). Objections to chapter 13 plans, complaints to determine dischargeability and motions for relief from stay filed before the claims bar date all have been found to constitute an "informal proof of claim", providing the sufficient nexus to which a formal late claim could relate back. *Id.* at 250 (objection to chapter 13 plan); *Electronic Sneak Preview, Inc. v. Scott (In re Scott)*, 227 B.R. 832, 834 (Bankr. S. D. Ind. 1998) (adversary complaint to determine dischargeability of a debt); *The Charter Company v. Dioxin Claimants (In re The Charter Company)*, 876 F. 2d 861, 866 (11th Cir. 1989) and *In re Veilleux*, 140 B.R. 28, 30 (Bankr. D. Conn. 1992) (motion for relief from stay).

However, as Judge Grant observed, "[f]or every decision which comes to the conclusion that something constitutes an informal proof of claim, one can easily find another saying that it does not". *In re Fink*, 366 B.R. 870, 874 (Bankr. N. D. Ind. 2007). Thus, see, *In re Stewart*, 46 B.R. 73 (Bankr. D. Or. 1985) (objection to plan is not informal proof of claim); *In re Holzer*, 5 Bankr. Ct. Dec. (CRR) 19 (Bankr. S. D. N. Y.

---

[4] *Unroe* really was not an "informal proof of claim" case but rather an exercise of the bankruptcy court's equitable powers in allowing a late filed claim based on the debtor's chapter 13 plan which provided for payment of the late claim. In *Unroe,* the IRS filed a timely claim for 1982 taxes but filed a late claim for the 1983 taxes. Both claims as filed amount to just under $11,000. The debtor's chapter 13 plan provided for payment of taxes for 1982 and 1983 in the amount of $15,000. Both the bankruptcy and the district courts allowed the late claim for 1983 taxes on the basis that it sufficiently related back under Fed. R. Bankr. P. 7015 to the timely claim for 1982 taxes. The Seventh Circuit Court of Appeals disagreed that the late claim related back to the timely filed one, but agreed with the alternate theory that the debtor was not "caught unawares" since her chapter 13 plan proposed to pay 1982 and 1983 taxes in an amount larger than the timely and untimely claims combined.

5

1979) (nondischargeability complaint is not informal proof of claim); and *First Interstate Bank of Denver, N.A. v. Connolly* (*In re Anchor Resources Corp.*), 139 B.R. 954 (D. Colo. 1992) (motion for relief from stay is not informal proof of claim). Judge Grant determined that the informal proof of claim doctrine had grown "well beyond its original boundaries", that it was "sorely in need of pruning in order to bring some clarity to its proper application and usage" and that it "should be tethered rather closely to its roots", adding that:

> Trimmed back to something more closely approximating the doctrine's original shape, an informal proof of claim is a defective claim. In other words, it is an effort to assert a claim against the bankruptcy estate which, usually for technical reasons, fails to fulfill the required formalities. It should not be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along. This is especially so when the filings have been made by sophisticated law firms and experienced bankruptcy practitioners...Attorneys, particularly experienced bankruptcy practitioners, are expected to know the difference between motions and objections and adversary proceedings and claims, and they are expected to file the appropriate thing at the appropriate time.

(citations omitted), *Fink,* 366 B.R. at 876-877. Judge Grant determined that neither the motion for relief from stay nor the nondischargeability complaint filed by the creditor in *Fink* constituted an informal proof of claim, even under the less stringent test that the document had to at least make a demand and evidence an intent to both hold the estate liable and share in a distribution of its assets. The motion for relief from stay and abandonment, instead, evidenced "an intent and a desire to be insulated from the bankruptcy process" and the nondischargeability complaint likewise evidenced an intent "to be freed from the bankruptcy process in order to collect the amounts due her...notwithstanding the outcome of the bankruptcy and any discharge the debtor might receive". *Id*. at 879.

The Court finds this reasoning persuasive, despite the fact that *Fink* is a chapter 7 case. As Judge Grant noted, t]he consequences of failing to file a timely proof of claim are not as severe as they once were. Previously, late claims were simply denied. Now, however, at least in chapter 7 cases, their distribution is subordinated to the full payment of all timely claims.". *Fink*, 366 B.R. at 879. These less-severe consequences are attributable to the operation of Sections 502(b)(9) and 726. Section 502(b)(9) provides that a claim that has been objected to shall be allowed to the extent that it was timely filed, "except to the extent tardily filed as permitted under paragraph (1), (2) or (3) of section 726(a) of this title". Thus, even a tardily filed claim *may be allowed as permitted under Section 726(a)(1), (2) or (3).* Those subsections of section 726 collectively provide that a tardily filed claim may be allowed but its payment is subordinated to timely filed unsecured claims and claims that were untimely filed due to insufficient notice in time to file a timely claim, but may be paid before any funds are returned to the chapter 7 debtor. However, Section 726 applies only to chapter 7 cases and there is no chapter 13 counterpart that provides for a similar subordination scheme. One could argue that since chapter 13 has no parallel provision, there should be a more lenient standard in allowing late filed claims in chapter 13 cases. However, the different goal served by chapter 13 cases refutes this:

> The goal of the distribution scheme in Chapter 7 liquidations...is to insure that all parties have an opportunity to collect from the estate's limited assets...Hence, even tardy claims must be paid before any distribution to the debtor may be made....In stark contrast, a Chapter 13 debtor retains the assets of the estate in exchange for an agreement to make periodic payments to the creditors...Accordingly, if late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine with finality whether a Chapter 13 plan satisfies [the requirement to pay creditors what they would receive under a Chapter 7]...

(Citations omitted) *In re Husmann*, 276 B.R. 596, 598 (Bankr. N. D. Ill. 2002).

The rationale of *Fink* applies here and the Court finds that Dinardo's relief from stay motion is not an informal proof of claim. Dinardo's motion merely sought relief from the automatic stay and abandonment of the Property to allow Dinardo to go to state court and pursue an in rem transfer of the Debtor's interest such that her ownership interest in the Property would be extinguished. Nothing in Dinardo's motion suggested that he was making a claim against the estate for any "deficiency". Nothing in Dinardo's motion indicated that the amount of his claim could not be determined until the state court rendered judgment on his behalf. If it had, Dinardo perhaps would have come under the exception stated in Rule 3002(c)(3) and would not have to fall back on the informal proof of claim doctrine. Indeed, Claim #17 seeks $52,099.79 for "contribution" owed by the Debtor with respect to the Property as of the date of the bankruptcy filing. Clearly this claim could have been filed prior to the Claims Bar Date. Dinardo in his response states that he "is prepared to accept that amount as the Debtor's interest in [the Property] has still not been abandoned despite such representations in the bankruptcy filing", thus negating the fact that action by the state court was a prerequisite to asserting a claim here. *Response of November 15, 2010*, ¶ 16. Nothing in Dinardo's motion evidenced any intent on his part to share in distribution of estate funds. See, *Anchor Resources,* 139 B.R. at 957 ("[the bank's] motion for relief fails on two counts: First it contains no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor. It requests only that it be permitted to foreclose its security interest in the subject real estate. Second, the motion contains no explicit or implicit claim for a right to participate

8

in the distribution of the assets of the estate. Without these elements, [the bank's] motion for relief from the stay cannot be considered an informal proof of claim"). *Cf, The Charter Company*, 876 F.2d at 864 ("the filing of the motion itself and the motion's language describing the subject of the lawsuit evidence an intent to hold Charter and IPC liable").

Thus, Dinardo's motion is not an informal proof of claim and the untimely filed formal Claim #17 cannot relate back to it. Furthermore, the Court finds that nothing in the Bankruptcy Code or the Rules allows Dinardo to file his formal Claim #17 late under the circumstances here. The late claim cannot be allowed under an "excusable neglect" theory (even had Dinardo argued it, which he did not) under the limited rules of Rule 3002 for enlarging the 90 day period. Nor does Dinardo come under any of the exceptions to Rule 3002(c). Accordingly, the Debtor's objection is SUSTAINED and Claim #17 filed by Dinardo is DISALLOWED.

# # #

Distribution:
K. Sean Fleck, Attorney for the Debtor
Elizabeth Hahn/ David R. Krebs, Attorneys for Tom Dinardo